tress its argument. As such, the Commonwealth failed to carry its burden on the first prong of the *Central Hudson* test. On the other hand, the licensee challenging the regulation offered evidence to the contrary, showing that there is no direct link between liquor advertising bans and reduced liquor consumption. Moreover, the Commonwealth failed to argue, much less prove, that the regulation is written or applied no more restrictively than necessary to achieve its asserted interest. As such, the Commonwealth failed to carry its burden on the third prong of the *Central Hudson* test as well.

In short, the Commonwealth failed to shoulder its burden regarding even the minimum standards of analysis and substantive protection as required by the U.S. Supreme Court and the federal constitution. Accordingly, at a minimum, this case should be remanded back to the trial court to allow the Commonwealth to develop the record, if it can, with evidence that (1) a ban on advertising liquor prices directly reduces the consumption of such liquor and (2) the regulation is written or applied no more restrictively than necessary to achieve its asserted interest.

Moreover, the litigants should utilize the analytical tool defined by this Court in *Commonwealth v. Edmunds*, 526 Pa. 374, 586 A.2d 887 (1991) in order to allow the trial court to thoroughly determine whether the resolution of the particular issue in question is more appropriately treated pursuant to the Pennsylvania constitution or the United States constitution. Accordingly, the litigants should brief and analyze (1) the text of Article I, Section 7 of Pennsylvania constitution; (2) the history of that provision; (3) relevant caselaw from Pennsylvania and from other jurisdictions regarding commercial speech and state regulation of liquor advertising; (4) policy considerations, including unique issues of state and local concern; and (5) the impact on modern Pennsylvania jurisprudence. *Id.* at 390, 586 A.2d at 895. If indeed the Pennsylvania constitution should protect the speech at issue in the instant matter more stringently than does the federal constitution, the consideration of that proposition should be thoroughly analyzed.

The majority opinion simply goes too far in sustaining the challenged regulation without an analysis of the free speech protections afforded the licensee under the First Amendment of the federal constitution or under Article I, Section 7 of the Pennsylvania constitution. Commercial free speech warrants more protection than the majority wishes to confer.

**PENNSYLVANIA STATE POLICE, BUREAU OF LIQUOR CONTROL ENFORCEMENT, Appellant,**

v.

**NIGHTTIME CONCEPTS, INC., Appellee.**

Supreme Court of Pennsylvania.

Submitted Oct. 18, 1993.

Decided Nov. 3, 1994.

Stanley J. Wolowski, Pittsburgh, for Pa. St. Police.

Gary F. DiVito, Philadelphia, for Nighttime Concepts.

Before NIX, C.J., and FLAHERTY, ZAPPALA, PAPADAKOS, CAPPY, CASTILLE and MONTEMURO, JJ.

### ORDER

PER CURIAM.

The order of the Court of Common Pleas of Philadelphia County is REVERSED. See, *Pennsylvania State Police, Bureau of Liquor Control Enforcement v. Hospitality Investments of Philadelphia, Inc.,* —— Pa. ——, 650 A.2d 854 (1994).

862

FLAHERTY, Justice, dissenting.

I dissent based on my dissenting opinion filed in *Pennsylvania State Police, Bureau of Liquor Control Enforcement, v. Hospitality Investments of Philadelphia, Inc.,* —— Pa. ——, 650 A.2d 854.

CASTILLE, Justice, dissenting.

I respectfully dissent based on my dissenting opinion filed in *Pennsylvania State Police, Bureau of Liquor Control Enforcement v. Hospitality Investments of Philadelphia, Inc.,* —— Pa. ——, 650 A.2d 854.

**PENNSYLVANIA STATE POLICE, BUREAU OF LIQUOR CONTROL ENFORCEMENT, Appellant,**

v.

**FALCON GROUP, INC., Appellee.**

Supreme Court of Pennsylvania.

Submitted Oct. 18, 1993.
Decided Nov. 3, 1994.

Stanley J. Wolowski, Pittsburgh, for Pa. St. Police.

Gary F. DiVito, Philadelphia, for Falcon Group.

Before NIX, C.J., and FLAHERTY, ZAPPALA, PAPADAKOS, CAPPY, CASTILLE and MONTEMURO, JJ.

### *ORDER*

PER CURIAM.

The order of the Court of Common Pleas of Philadelphia County is REVERSED. See, *Pennsylvania State Police, Bureau of*

*Liquor Control Enforcement v. Hospitality Investments of Philadelphia, Inc.,* —— Pa. ——, 650 A.2d 854 (1994).

FLAHERTY, Justice, dissenting.

I dissent based on my dissenting opinion filed in *Pennsylvania State Police, Bureau of Liquor Control Enforcement, v. Hospitality Investments of Philadelphia, Inc.,* —— Pa. ——, 650 A.2d 854.

CASTILLE, Justice, dissenting.

I respectfully dissent based on my dissenting opinion filed in *Pennsylvania State Police, Bureau of Liquor Control Enforcement v. Hospitality Investments of Philadelphia, Inc.,* —— Pa. ——, 650 A.2d 854.

**PENNSYLVANIA STATE POLICE, BUREAU OF LIQUOR CONTROL ENFORCEMENT, Appellant,**

v.

**HOSPITALITY INVESTMENTS OF PHILADELPHIA, INC., Appellee.**

Supreme Court of Pennsylvania.

Submitted Oct. 18, 1993.
Decided Nov. 3, 1994.

Stanley J. Wolowski, Pittsburgh, for Pa. St. Police.

Gary F. DiVito, Philadelphia, for Hosp. Invest.

Before NIX, C.J., and FLAHERTY, ZAPPALA, PAPADAKOS, CAPPY, CASTILLE and MONTEMURO, JJ.